**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000442**
**26-AUG-2024**
**07:51 AM**
**Dkt. 67 SO**

CAAP-21-0000442


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DAKOTA HOLLAND-DORNATH, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC151001241)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Dakota Holland-Dornath (**Holland-Dornath**) appeals from the (1) May 5, 2021 Order of Resentencing, Revocation of Probation, Notice of Entry and (2) June 7, 2021 Findings of Fact, Conclusions of Law, and Order Re:  Motion for Revocation of Probation, Filed on February 11, 2021 (**Order re Motion for Revocation**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Holland-Dornath raises a single point of error on appeal, contending that the Circuit Court erred in granting Plaintiff-Appellee State of Hawaii's [(**State's**)] February 11, 2021 Motion for Revocation of Probation (**Motion for Revocation**) because none of the post-resentencing motions (except one filed on February 21, 2020) were tolling motions, and therefore

---

[1]    The Honorable Matthew J. Viola presided.

Holland-Dornath's probationary term had expired before the Motion for Revocation was filed.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Holland-Dornath's point of error as follows:

Holland-Dornath argues that HRS §§ 706-625(1), (4) (2014) and 706-627(1) (2014), read *in pari materia*, exclude "motions to modify" from motions that toll a defendant's probation.  HRS § 706-625 provides, in pertinent part:

> **§ 706-625  Revocation, modification of probation conditions.**  (1)  The court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation except as provided in subsection (7), reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706-627.
>
> . . . .
>
> (4)  The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such action will assist the defendant in leading a law-abiding life.

HRS § 706-627 provides:

> **§ 706-627  Tolling of probation.**  (1)  Upon the filing of a motion to revoke a probation or a motion to enlarge the conditions imposed thereby, the period of probation shall be tolled pending the hearing upon the motion and the decision of the court.  The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court concerning the motion for purposes of computation of the remaining period of probation, if any.  In the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court.  During the period of tolling of the probation, the defendant shall remain subject to all terms and conditions of the probation except as otherwise provided by this chapter.
>
> (2)  In the event the court, following hearing, refuses to revoke the probation or grant the requested enlargement of conditions thereof because the defendant's failure to comply therewith was excusable, the defendant may

2

> be granted the period of tolling of the probation for purposes of computation of the remaining probation, if any.

This court recently rejected this argument in State v. Wilbur-Delima, CAAP-23-0000409, 2024 WL 3563240, *1 (Haw. App. July 29, 2024). Based on the reasoning set forth in Wilbur-Delima, we reiterate that a motion to modify probation that seeks to enlarge a condition of probation is a tolling motion.

Like the appellant in Wilbur-Delima, Holland-Dornath had entered the HOPE Probation Program. Although the subject motions to modify Holland-Dornath's probation were not entitled as motions to enlarge sentence, in each instance, the State moved for an enlarged probation condition, *i.e.*, more jail time was sought; Holland-Dornath stipulated to the violations of one or more conditions of probation, the motions were granted, and Holland-Dornath was ordered to serve additional jail time. Accordingly, the Circuit Court did not err in treating the State's motions to modify as tolling motions.

Based on the foregoing, and this court's Opinion in Wilbur-Delima, the Circuit Court's May 5, 2021 Order of Resentencing and the June 7, 2021 Order re Motion for Revocation are affirmed.

DATED: Honolulu, Hawaiʻi, August 26, 2024.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge